IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2010 FEB -4 P 2: 31

| | |
|---|---|
| MARGARET L. CROOK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:10cv96-wha |
| CITIFINANCIAL SERVICES, INC., | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

**COMES NOW** CitiFinancial Services, Inc. ("CitiFinancial"), defendant in the above-styled matter, by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Randolph County, Alabama, to the United States District Court, Middle District of Alabama, Eastern Division. In support thereof, CitiFinancial states as follows:

1. On December 29, 2009, Plaintiff Margaret Crook ("Plaintiff") commenced this action by filing a complaint against CitiFinancial Services, Inc. in the Circuit Court of Randolph County, Alabama, Civil Action Number 2009-90065. The Circuit Court of Randolph County is a state court within this judicial district.

1806901 v1

2. In the Complaint, Plaintiff asserts various claims against CitiFinancial based upon CitiFinancial's alleged phone calls to Plaintiff's residence. Specifically, Plaintiff asserts claims of violation of the Telephone Consumer Protection Act, the Alabama Telemarketing Act, negligence, negligence per se, gross negligence, wantonness, recklessness and invasion into solitude. Plaintiff seeks, as a result of CitiFinancial's alleged conduct, a judgment against CitiFinancial for an unspecified sum of compensatory, statutory and treble damages and punitive damages. *See* Complaint, attached hereto as Exhibit "A".

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

3. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in the pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a) The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -
>
> (1) citizens of different states...

5. Plaintiff is a resident citizen of the State of Alabama. *See* Complaint at ¶ 1.

6. CitiFinancial is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the State of Maryland. Therefore, CitiFinancial is a resident of the States of Georgia and Maryland for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

7. Accordingly, there is complete diversity among the parties.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

8. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. In the Complaint, Plaintiff seeks to recover an unlimited amount of compensatory, statutory, treble damages and punitive damages.[1] *See* Complaint. Additionally, in a letter from Plaintiff's counsel dated February 3, 2010, attached hereto as Exhibit "B", counsel for Plaintiff details Plaintiff's allegations and the amount of damages she contends she is entitled to. Specifically, Plaintiff contends CitiFinancial has made approximately one hundred (100) phone calls to Plaintiff, which she claims would entitle Plaintiff to $500.000 per phone call pursuant to the TCPA and $2,000.00 per phone call pursuant to the Alabama Telemarketing Act. Consequently, Plaintiff's claim for statutory damages easily satisfies the amount in controversy requirement. Plaintiff also contends she is entitled to treble damages and punitive damages as a result of CitiFinancial's purported conduct. Accordingly, Plaintiff has

---

[1] Plaintiff's claim for exemplary or punitive damages must also be considered in any calculation of the amount in controversy. See e.g. Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered"). Punitive damages in this case could also clearly exceed $75,000.00. See e.g. Jeter v. Orkin Exterminating Co., 832 So. 2d 25 (Ala. 2001); Travelers Indemnity Co. of Illinois & Crawford & Co. v. Griner, 809 So. 2d 808 (Ala. 2001); Sparks v. Cash America International, Inc., 789 So. 2d 231 (Ala. 2000); Cooper & Co. v. Lester, 832 So. 2d 628 (Ala. 2000); Chrysler Corp. v. Schiffer, 736 So. 2d 538 (Ala. 1999); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998); Talent Tree Personnel Srvs., Inc. v. Fleenor, 708 So. 2d 917 (Ala. 1997); American Pioneer Life v. Williamson, 704 So. 2d 1361 (Ala. 1997).

demanded $120,000.00 to settle this matter. Thus, when all of Plaintiff's claims of damages are taken into consideration, she is seeking an amount well in excess of $75,000.00.

9. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

## ADOPTION AND RESERVATION OF DEFENSES

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of CitiFinancial's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama or Federal Rules of Civil Procedure 12, any state or federal statute, or otherwise. CitiFinancial also reserves the right to demand arbitration pursuant to its contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## PROCEDURAL REQUIREMENTS

11. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

12. Federal jurisdiction also exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

13. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon CitiFinancial to date in this case.

14. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

15. CitiFinancial has heretofore sought no similar relief.

16. The United States District Court for the Middle District of Alabama, Eastern Division, is the court and division embracing the place where this action is pending in state court.

17. CitiFinancial reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

18. Contemporaneously with the filing of this Notice of Removal, CitiFinancial has filed a copy of same with the clerk of the County Court of Randolph County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** CitiFinancial prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court of Randolph County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

/s/ Richard C. Keller

Richard C. Keller (KEL037)
Matthew T. Mitchell (MIT050)
Attorneys for Defendant
CITIFINANCIAL SERVICES, INC.

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 4th day of February, 2010:

Meredith L. Phillips
Brandon L. Blankenship
BLANKENSHIP HARRELSON & LINTON, L.L.C
2001 Park Place North, Suite 825
Birmingham, Alabama 35203-2774

_____
OF COUNSEL