
ELECTRONICALLY FILED
12/29/2009 3:47 PM
CV-2009-900065.00
CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA
CHRIS MAY, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**56-CV-200**<br>Date of Filing:<br>12/29/2009 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF RANDOLPH COUNTY, ALABAMA
### MARGARET CROOK v. CITIFINANCIAL SERVICES, INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT _____

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   PHI066   12/29/2009 3:34:30 PM   /s MEREDITH LACKEY PHILLIPS

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided



**EXHIBIT**
**A**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>56-CV-2009-900065.00 |
|---|---|---|

## IN THE CIVIL COURT OF RANDOLPH, ALABAMA
## MARGARET CROOK v. CITIFINANCIAL SERVICES, INC.

**NOTICE TO** CITIFINANCIAL SERVICES, INC., 2000 INTERSTATE PARK DR. STE. 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MEREDITH LACKEY PHILLIPS MRS.

WHOSE ADDRESS IS 2001 PARK PLACE N., STE. 825, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     MARGARET CROOK
pursuant to the Alabama Rules of the Civil Procedure

| 12/29/2009 3:37:42 PM | /s CHRIS MAY | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s MEREDITH LACKEY PHILLIPS
MRS.
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
|---|---|
| Date | Server's Signature |



**IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA**

MARGARET L. CROOK,           }

       Plaintiff,               }

vs.                          }    CASE NO.: CV 2009-900065

CITIFINANCIAL SERVICES, INC.,  }
and Fictitious Parties A ... I,      }

       Defendants.          }

---

## COMPLAINT

COMES NOW the Plaintiff, MARGARET L. CROOK, in the above captioned action by and through the undersigned and hereby complains as follows:

*Parties*

1.    The Plaintiff, Margaret L. Crook ("Ms. Crook"), is an adult resident of the State of Alabama, living in Randolph County, Alabama.

2.    Ms. Crook is a natural person.

3.    Defendant CitiFinancial Services, Inc. ("CitiFinancial Services") is a Georgia corporation engaged in the business of consumer loans with its principal place of business located in Chamblee, Georgia.

4.    A principal purpose of CitiFinancial Services is to provide and/or manage and/or collect on consumer credit or loans.

5.    Fictitious Party A is the individual or entity who actually called Ms. Crook.

6.    Fictitious Party B is the individual or entity that Fictitious Party A works for or with.

1

7. Fictitious Party C is the individual or entity who, while acting as an agent for Fictitious Party A or B, actually called Ms. Crook.

8. Fictitious Party D is the individual or entity who, while acting as an agent for Fictitious Party A or B, actually called Ms. Crook.

9. Fictitious Party E is the individual or entity who, while acting as an agent for Fictitious Party A or B, actually called Ms. Crook.

10. Fictitious Party F is the individual or entity who, while acting as an agent for Fictitious Party A or B, actually called Ms. Crook.

11. Fictitious Party H is the individual or entity who, while acting as an agent for Fictitious Party A or B, actually called Ms. Crook.

12. Fictitious Party I is the individual or entity who, while acting as an agent for Fictitious Party A or B, actually called Ms. Crook.

13. Fictitious Party J is the individual or entity who, while acting as an agent for Fictitious Party A or B, actually called Ms. Crook and/or actually supervised and /or managed Fictitious Party C and /or Fictitious Party D and /or Fictitious Party E and /or Fictitious Party F and /or Fictitious Party G and /or Fictitious Party H and/or Fictitious Party I.

*Jurisdiction*

14. This action is brought, in part, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). The United States Congress granted state courts exclusive subject matter jurisdiction over private actions under the Telephone Consumer Protection Act. Communications Act of 1934, § 227(b)(3),

as amended, 47 U.S.C.A. § 227(b)(3).[1]

15.     This action is brought, in part, pursuant to the Alabama Telemarketing Act ("ATA"). Jurisdiction is proper under the ATA.[2]

16.     The conduct complained of herein occurred in Randolph County, Alabama.

### Factual Averments

17.     Sometime during the past four years, Ms. Crook began receiving phone calls from Defendant(s).

18.     At times, Defendant(s) called Ms. Crook up to six (6) times per day.

19.     Defendant(s) used several techniques when calling Ms. Crook. Sometimes, Defendant(s) called Ms. Crook and just let the telephone ring; other times Defendant(s) called Ms. Crook and left pre-recorded message(s) on her voice mail and/or answering machine service.

20.     On several occasions, Ms. Crook requested that Defendant(s) stop calling her.

21.     Nonetheless, Defendant continued calling Ms. Crook attempting to collect a debt she did not owe and/or providing or seeking information about a person other than Ms. Crook.

22.     Ms. Crook is not a current customer of Defendant(s), nor does she have any dealings with Defendant(s) other than she receives phone calls from them which are complained of herein.

23.     Ms. Crook asserts liability against Defendant(s) for its own conduct and by way

---

[1] See Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998).

[2] Ala. Code § 8-19C-10.

3

of *respondeat superior*:

## COUNT I: TELEPHONE CONSUMER PROTECTION ACT

24.     The TCPA provides consumers with two (2) private rights of action for violations

of the TCPA rules. One provision permits a consumer to file suit immediately in

state court if a caller violates the TCPA's prohibitions on the use of automatic

dialing systems, artificial and/or prerecorded voice messages, and unsolicited

facsimile advertisements.[3]

25.     A separate, private right of action permits a consumer to file suit in state court if

he or she has received more than one telephone call within any twelve (12) month

period by, or on behalf of, the same company in violation of the guidelines for

making telephone solicitations.[4]

26.     The TCPA provides for a private right of action for any violations of the TCPA

itself, or for any rules promulgated under the TCPA by the Federal

Communications Commission ("FCC") or the Federal Trade Commission

("FTC"). 47 U.S.C. § 227(b)(3)(A).

27.     The act, omission and/or failure of any officer, agent and/or other person acting

for, or employed by, any common carrier and/or user, acting within the scope of

his or her employment, shall in every case be also deemed to be the act, omission,

and/or failure of such carrier and/or user as well as that of the person. 47 U.S.C. §

217.

---

[3] 47 U.S.C. § 227(b)(3).

[4] 47 U.S.C. § 227(c)(5).

4

28.    For the purposes of the TCPA, Ms. Crook is a consumer.

29.    For the purposes of the TCPA, Defendant(s) are telemarketer(s).

### TCPA Do-Not-Call Duties

30.    Under the TCPA, persons and/or companies engaged in telephone solicitation are required to create, maintain, and/or honor a list of residential telephone subscribers who do not wish to be called by a telemarketer (hereinafter "Company Specific Do-Not-Call Request").[5]

31.    Under the TCPA, persons and/or companies engaged in telephone solicitation are generally permitted to call consumers with whom they have an established business relationship (hereinafter referred to as an "EBR").[6]

32.    However, consumers may terminate the EBR for purposes of telemarketing calls at any time by making a Company Specific Do-Not-Call Request.[7]

33.    Defendant(s)' conduct is exempt from the TCPA if they have an EBR with Ms. Crook and if Ms. Crook did not terminate said EBR by making a Company Specific Do-Not-Call Request.[8]

---

[5] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd. 8752 ¶¶ 23-24 (1992); see also 47 C.F.R. § 64.1200(c)(2).

[6] 47 C.F.R. § 227 (a)(4)(B); see also In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd. 14014, 14086 ¶ 124 (2003).

[7] See 47 C.F.R. § 64.1200(f)(3)(i) (discussing the FCC's regulation prohibiting a telemarketing call from a company that has been asked not to call).

[8] See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd. 14014, 14070 ¶ 96 (2003).

34. Defendant(s) do not have an EBR with Ms. Crook and Ms. Crook asked Defendant(s) not to call her anymore, thus making a Company Specific Do-Not-Call Request.

35. Under the TCPA, persons and/or companies engaged in telephone solicitation are generally permitted to call consumers who have given the seller written authorization to call.[9]

36. Ms. Crook has not given Defendant(s) written authorization to call her.

37. Ms. Crook is not a current customer of Defendant(s), nor does she have any dealings with Defendant(s) other than she receives phone calls from them which are complained of herein.

38. Sometime during the past four years, Ms. Crook started receiving calls from Defendant(s).

39. Defendant(s) left multiple messages for Ms. Crook wherein a pre-recorded voice stated that the message was an important call recording, that Ms. Crook should call the caller(s) back as soon as possible, and leaving a phone number and address where the caller(s) could be reached.

40. On several occasions throughout the time Defendant(s) called Ms. Crook, Ms. Crook demanded that the Defendant(s) stop calling (hereinafter the "Stop Demand Date").

41. Ms. Crook's request that Defendant(s) stop calling was a Company Specific Do-

---

[9] 47 C.F.R. § 227 (a)(4)(A).

6

Not-Call Request for the purposes of the TCPA.[10]

42.      Once a consumer makes a Company Specific Do-Not-Call Request, the Defendant(s) and all of its agents must honor that request and not call the consumer to make a telephone solicitation.[11]

43.      In spite of Ms. Crook's Company Specific Do-Not-Call Request, Defendant(s) continued calling Ms. Crook during the thirty days immediately after the Stop Demand Date even though, upon information and/or belief, Defendant(s) had the capability to honor the Company Specific Do-Not-Call Request in less than thirty (30) days.[12]

44.      In spite of Ms. Crook's Company Specific Do-Not-Call Request, Defendant(s) continued calling Ms. Crook thirty (30) days after the Stop Demand Date..

45.      Defendant(s) are not exempt from the TCPA.

46.      Defendant(s) violated the TCPA.

47.      Defendant(s)' violation of the TCPA was done willfully and/or knowingly.

*TCPA Automated Equipment[13] Duties*

48.      Under the TCPA, persons and/or companies are not permitted to initiate call(s) to

---

[10]See 47 C.F.R. § 64.1200(d)(3); see also In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd. 14014, 14065 ¶ 86 (2003).

[11] The Commission's rules require that a company specific do-not-call request "be honored for 5 years from the time the request is made." See 47 C.F.R. § 64.1200(d)(6).

[12]See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd. 14014, 14069-70 ¶ 94 (2003).

[13]The term "automated equipment" is used in this Complaint as it is used and/or defined and/or interpreted by Congress, the FCC and/or relevant caselaw pursuant to the TCPA.

any residential telephone line(s) using any "artificial or prerecorded voice" to deliver a message.[14]

49.   Said persons and/or companies remain free to call residential telephone line(s) if the called party has given prior express consent for the calls to said persons and/or companies.[15]

50.   Ms. Crook has not given Defendant(s) prior express consent to call her.

51.   Sometime during the past four years, Ms. Crook started receiving calls and/or messages from Defendant(s) on her residential telephone line asking Ms. Crook to call Defendant(s) back as soon as possible about an important call recording and/or attempting to collect a debt she did not owe and/or providing or soliciting information about a person other than Ms. Crook.

52.   Defendant(s)' conduct is exempted from the TCPA if it the telephone call(s) and/or messages to residential telephone line(s) are made to a person with whom the Defendant(s) have an established business relationship (hereinafter referred to as an "EBR").[16]

53.   Defendant(s) do not have an EBR with Ms. Crook.

54.   Defendant(s)' conduct is exempted from the TCPA if it the telephone call(s) to residential telephone line(s) are not made for commercial purposes.[17]

---

[14] 47 U.S.C. § 227(b)(1)(B).

[15] 47 U.S.C. § 227(b)(1)(B).

[16] 47 C.F.R. § 64.1200(a)(2)(iv).

[17] 47 U.S.C. § 227(b)(2)(B)(i).

8

55. Defendant(s)' calls and/or messages to Ms. Crook had a commercial purpose.

56. Defendant(s)' conduct is exempted from the TCPA if it the telephone call(s) to residential telephone line(s): (1) do not aversely affect the privacy rights intended to be protected by the TCPA, and (2) do not include the transmission of any unsolicited advertisement(s).[18]

57. Defendant(s)' calls and/or messages invaded and adversely affected Ms. Crook's privacy rights intended to be protected by the TCPA.

58. Defendant(s)' calls and/or messages transmitted an unsolicited an advertisement to Ms. Crook.

59. Further, if Defendant(s)' calls are made by a debt collector on a residential telephone line to a debtor, said calls are made pursuant to an EBR, are considered commercial calls, do not adversely affect the debtor's privacy rights and do not transmit any unsolicited advertisement(s) and, are thus exempt from the TCPA.[19]

60. Ms. Crook does not owe any debt for which Defendant(s) are trying to collect and is therefore not a debtor.

61. Ms. Crook is not a current customer of Defendant(s), nor does she have any dealings with them other than she receives phone calls and/or messages from them which are complained of herein.

62. Defendant(s) are not exempt from the TCPA.

---

[18] 47 U.S.C. § 227(b)(2)(B)(ii)(I) and (II).

[19] See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd. 8752, 8771-773 ¶ 39 (1992).

63. Defendant(s) violated the TCPA.

64. Defendant(s) willfully and/or knowingly violated the TCPA.

65. Each call and/or message initiated to Ms. Crook's residential telephone line is a separate violation of the TCPA for which separate damages are permitted.[20]

**WHEREFORE, BASED ON THE FOREGOING,** Ms. Crook demands judgment against each named Defendant, separately and/or severally, for compensatory and punitive damages in an amount to be determined by the Court, plus costs, along with such other, further and/or different relief to which Ms. Crook may be entitled including but not limited to:

(a) an Order enjoining future violation(s) pursuant to 47 U.S.C. § 227(b)(3)(A);

(b) an Order awarding actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B);

(c) an Order awarding up to $500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II: TCPA TREBLE DAMAGES

66. Ms. Crook re-alleges and incorporates each and every paragraph above as if fully set forth herein.

67. Defendant(s)' actions, and/or those of their agents, have shown that the Defendant(s) willfully and/or knowingly violated the TCPA.

68. As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE, BASED ON THE FOREGOING,** Ms. Crook demands judgment against each named Defendant, separately and/or severally, for compensatory and punitive

---

[20] See 47 U.S.C. § 227(b)(3).

damages in an amount to be determined by the Court, plus costs, along with such other, further and/or different relief to which Ms. Crook may be entitled including, but not limited to: an increase in the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendant(s)' willful and knowing conduct.

## COUNT III: ALABAMA TELEMARKETING ACT

69.    Ms. Crook re-alleges and incorporates each and every paragraph above as if fully set forth herein.

70.    The instant action is filed within two (2) years of the conduct giving rise to the instant cause of action.

71.    Ms. Crook received more than one (1) telephone solicitation within a 12-month period by Defendant(s), or on behalf of Defendant(s), in knowing violation of Alabama Code § 8-19C-5.

72.    Defendant(s) knowingly made telephone solicitations to Ms. Crook's telephone line(s).

73.    Ms. Crook was at all times pertinent to this Complaint, a residential telephone line subscriber.

74.    During each said call, the Defendant(s) failed, within the first thirty (30) seconds of the telephone call, to identify himself or herself by stating his or her true name, the company on whose behalf the solicitation was being made, and the consumer goods and/or services being sold.

75.    Upon information and/or belief, the Defendant(s) did not establish and/or implement, with due care, reasonable practices and/or procedures to effectively

11

prevent telephone solicitations in violation of Alabama Code § 8-19C-1, *et al.*

**WHEREFORE, BASED ON THE FOREGOING,** Ms. Crook demands judgment against each named Defendant, separately and/or severally, for compensatory and punitive damages in an amount to be determined by the Court, plus costs, along with such other, further and/or different relief to which Ms. Crook may be entitled including, but not limited to:

(a) an Order enjoining future violation(s) pursuant to Alabama Code § 8-19C-7;

(b) an Order awarding actual monetary loss pursuant to Alabama Code § 8-19C-7;

(c) an Order awarding up to $2,000.00 per violation pursuant to Alabama Code § 8-19C.

## COUNT IV: NEGLIGENCE

76.     Ms. Crook re-alleges all prior paragraphs of the Complaint as if set out here in full.

77.     Defendant(s) had a duty to exercise reasonable care in their actions.

78.     Defendant(s) was charged with duties under the statutes stated herein.

79.     Defendant(s) had a duty to maintain employee/agent hiring, employee/agent training, employee/agent supervising and employee/agent retention practices with reasonable care.

80.     Defendant(s) negligently breached said duty.

81.     Ms. Crook was damaged as a proximate result of said breach of duty.

82.     Defendant(s) conspired with others and/or entered into a joint enterprise with others whose negligent conduct proximately injured Ms. Crook.

**WHEREFORE, BASED ON THE FOREGOING,** Ms. Crook demands judgment against each named Defendant, separately and severally, for compensatory and punitive damages

in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Ms. Crook may be entitled.

## COUNT V: NEGLIGENCE PER SE

83. Ms. Crook re-alleges all prior paragraphs of the Complaint as if set out here in full.

84. Defendant(s) had a duty imposed by statute and/or ordinance and/or rule and/or regulation.

85. Defendant(s) breached said duty.

86. Ms. Crook was damaged as a proximate result of said breach of duty.

**WHEREFORE, BASED ON THE FOREGOING**, Ms. Crook demands judgment against each named Defendant, separately and severally, for compensatory damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Ms. Crook may be entitled.

## COUNT VI: GROSS NEGLIGENCE

87. Ms. Crook re-alleges all prior paragraphs of the Complaint as if set out here in full.

88. Defendant(s) owed Ms. Crook a duty.

89. Defendant(s) possessed an entire want of care.

90. Defendant(s)' conduct was so gross as to charge the Defendant(s) with the presumption that they, being cognizant of the probable consequences, were indifferent to the danger to which Ms. Crook was to be exposed.

91. Defendant(s) exhibited a conscious indifference to consequences.[21]

92. Ms. Crook was damaged as a proximate result of said grossly negligent conduct.

93. Defendant(s) had a duty to maintain employee/agent hiring, employee/agent training, employee/agent supervising and employee/agent retention practices with reasonable care.

94. Defendant(s) negligently breached said duty in a grossly negligent manner.

95. Ms. Crook was damaged as a proximate result of said breach of duty.

96. Defendant(s) conspired with others and/or entered into a joint enterprise with others whose grossly negligent conduct proximately injured Ms. Crook.

97. Ms. Crook demands punitive damages. Alabama Code § 6-11-20 (1975).

**WHEREFORE, BASED ON THE FOREGOING,** Ms. Crook demands judgment against each named Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Ms. Crook may be entitled.

## COUNT VII: WANTONNESS/RECKLESSNESS

98. Ms. Crook re-alleges all prior paragraphs of the Complaint as if set out here in full.

99. Defendant(s)' actions were the conscious doing of the act(s) herein complained and/or the conscious omission(s) herein complained under knowledge of existing conditions and conscious that from the doing of such act(s) and/or omission(s) injury will likely or probably result.

---

[21]Alabama G.S.R. Co. v. Arnold, 2 So. 337, 342 (Ala. 1887).

14

100. Defendant(s) were recklessly indifferent to the consequences of committing these wrongful acts.

101. Defendant(s) were recklessly indifferent to the consequences of his or her omission.

102. Defendant(s)' actions were reckless and/or wanton,[22] without legitimate excuse, and without legal cause

103. Defendant(s)' actions did not lie in any justifiable or reasonable or excusable reasons.

104. Defendant(s) knew, or should have known, that their actions or lack of actions would likely or probably result in injury to Ms. Crook.

105. Defendant(s) conspired with others and/or entered into a joint enterprise with others whose wanton and/or reckless conduct proximately injured Ms. Crook.

106. Defendant(s)' policies and/or procedures and/or practices concerning employee/agent hiring, employee/agent training, employee/agent supervising and employee/agent retention practices were wanton and/or reckless.

107. Defendant(s)' actions did cause injury to Ms. Crook.

108. Ms. Crook demands punitive damages. Alabama Code § 6-11-20 (1975).

**WHEREFORE, BASED ON THE FOREGOING,** Ms. Crook demands judgment against each named Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Ms. Crook may be entitled.

---

[22]See e.g., Hamme v. CSX Transportation, Inc., 621 So.2d 281 (Ala. 1993).

## COUNT VIII: INTRUSION INTO SOLITUDE OR SECLUSION

109. Ms. Crook re-alleges all prior paragraphs of the Complaint as if set out here in full.

110. Defendant(s) wrongfully intruded physically or otherwise into Ms. Crook's physical solitude or seclusion[23] and/or:

111. Defendant(s) wrongfully intruded into Ms. Crook's private activities in such a manner as to: outrage; and/or cause mental suffering, shame or humiliation to a person of ordinary sensibilities;[24] and/or cause a person of ordinary sensibilities mental suffering, shame or humiliation.

112. Defendant(s)' intrusion into Ms. Crook's seclusion proximately injured Ms. Crook.

113. Defendant(s) conspired with others and/or entered a joint enterprise with others whose intrusion into Ms. Crook's seclusion proximately injured Ms. Crook.

**WHEREFORE, BASED ON THE FOREGOING,** Ms. Crook demands judgment against each named Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Ms. Crook may be entitled.

---

[23]Norris v. Moskin Stores, Inc., 132 So.2d 321 (Ala. 1961); see also Black v. Aegis Consumer Funding Group, Inc., 2001 WL 228062 (S.D. Ala. 2001) (holding that twenty debt collection calls to the Plaintiff constituted a "deliberate 'systematic campaign of harassment'" and fell "beyond the realm of reasonable action and well into the area of wrongful and actionable intrusion.")

[24]Smith v. Doss, 37 So.2d 118, 120 (Ala. 1948).

16

*Plaintiff Demands a Jury Struck and Sworn*

Done this _29ᵗʰ_ _ day of _December_ _, 2009.

Respectfully submitted,

*/s/ Meredith L. Phillips*

---

Meredith L. Phillips
Brandon L. Blankenship
PHI 066 (ASB - 3877 - E35P)
BLA 116 (ASB - 6436 - N77B)
Blankenship Harrelson & Linton, L.L.C.
2001 Park Place North, Suite 825
Birmingham, AL 35203-2774
(205) 912-8241
Facsimile: (205) 912-8253
Email: meredith.phillips@bhlattorneys.com
brandon.blankenship@bhlattorneys.com

M12280



STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
**CHRIS MAY**
CIRCUIT CLERK OF RANDOLPH COUNTY
P.O. BOX 328
WEDOWEE, ALABAMA 36278



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

*CERTIFIED MAIL*™



7009 0080 0001 5528 8236



UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 006.49⁰
0004170050 JAN 04 2010
MAILED FROM ZIP CODE 36278



**AlaFile E-Notice**

To: CITIFINANCIAL SERVICES, INC.
2000 INTERSTATE PARK DR.
STE. 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

### MARGARET CROOK v. CITIFINANCIAL SERVICES, INC.
### 56-CV-2009-900065.00

The following complaint was FILED on 12/29/2009 3:37:42 PM

Notice Date:     12/29/2009 3:37:42 PM

**CHRIS MAY**
**CIRCUIT COURT CLERK**
RANDOLPH COUNTY, ALABAMA
COURTHOUSE SQUARE
WEDOWEE, AL 36278

256-357-4551
chris.may@alacourt.gov

## SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits. *CV09-9045*

1. Article Addressed to:

*Citifinancial Services, Inc.*
*2000 Interstate Park Dr.*
*Ste. 204*
*Montgomery, AL 36109*

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

The Corporation Company
- ☐ Agent
- ☐ Addressee

B. Received by ( Printed Name )
The Corporation Company

C. Date of Delivery
11 5 jn

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Certified Mail
- ☐ Express Mail
- ☐ Registered
- ☐ Return Receipt for Merchandise
- ☐ Insured Mail
- ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
*(Transfer from service label)*

7009 0080 0001 5528 8236

PS Form 3811, F

102595-02-M-1540

---

## U.S. Postal Service
## CERTIFIED MAIL
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.49 |

Postmark Here

Sent To
*Citifinancial Services Inc.*
Street, Apt. No.; or PO Box No.
*2000 Interstate Park Dr. Ste. 204*
City, State, ZIP+4
*Montgomery, AL 36109*

7009 0080 0001 5528 8236

PS Form 3800, August 2006                     See Reverse for Instructions